[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
This matter comes before this Court on a post judgment Motion for Child Support (#115) by the plaintiff and a post judgment Motion for Modification of Custody and Visitation (#116) by the defendant. The marriage of the parties was dissolved by decree of this Court on May 27, 1998. They have one minor child, JESSICA ANN TYBURSKI, born February 13, 1994, issue of the marriage. The plaintiff has one other child born since the date of the dissolution, not issue of the marriage. Under Article II of the Separation Agreement dated May 27, 1998, the parties have joint legal custody, however, it was agreed that the child's primary residence would be with the plaintiff. The defendant father has visitation with the child, inter alia, as follows:
"On an alternating basis, from Thursday after school until Sunday at 8:00 p.m. . . . On the alternating week,. . . . from Wednesday after [. . .] until Thursday at 8:00 and on Sunday from approximately 1:00 p.m. until 8:00 p.m." CT Page 8059
In addition, under Article III of the Agreement, the initial decree provided that the defendant would pay for the expenses for the minor child at "Kids Connection" in lieu of regular child support payments. After the pre-school program ceased, child support would begin on September 1, 1999, by agreement, "in accordance with the Connecticut Child Support Guidelines." As of the date of the hearing before this Court, the defendant had not made any child support payments. At hearing, both parties testified primarily regarding the amount of time the defendant spends caring for the minor child, and the amount of monies he has paid on her behalf since September 1, 1999. In both of these areas, the testimony of the parties was in conflict. Based upon the current visitation arrangement, on average, over the course of a year, the defendant spends the equivalent of two to two and one/half days per week with the minor child. The plaintiff has asked the Court to make a child support order retroactive to September 1, 1998, and by inference, a determination of an arrearage as of the date of the hearing. The-defendant has asked the Court to give him credit for sums paid to date on behalf of the minor child and to deviate from the Child Support Guidelines, on the basis of time spent with the minor child, in making its determination of child support.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, including the Separation Agreement of the parties, as well as the factors enumerated in Sections46b-81, 46b-82, 46b-84, 46b-86 (a), and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following tindings:
1. The marriage of the parties was dissolved by decree of this Court on May 27, 1998.
2. The Separation Agreement of the parties dated May 27, 1998, was approved by the Court and made part of its decree.
3. By agreement of the parties, any child support order shall be retroactive to September 1, 1999.
4. The presumptive level of basic child support for purposes of a determination of the arrearage, based upon the earnings of the parties as of May 27, 1998, is $122.00 per week.
5. The Court finds the testimony of the plaintiff more credible, and that the contributions of the defendant to the support of CT Page 8060 the minor child since September 1, 1999 are $2,660.00.
6. The Court finds the arrearage as of July 7, 2000, to be $5368.00, and after applying a credit in the amount of $2,660.00 for contributions on behalf of the minor child, the Court finds the current arrearage to be $2708.00.
7. The presumptive level of child support based upon the current earnings of both parties is $145.00.
8. The Court finds no basis for deviation from the Child Support Guidelines as requested by the defendant based upon time spent with the minor child.
9. The Court finds that the parties entered into an oral agreement that each would pay one-half of the parochial school education of the minor child, and that it is appropriate and equitable to apply the deviation criteria set forth in Section 46b-215a-3 of the Child Support and Arrearage Guidelines Regulations, in that: 1) other financial resources are available to the defendant in that he resides with his parents [46b-215a-3 (b)(1)(D)], 2) the tuition for parochial school is an extraordinary educational expense [46b-215a-3 (b)(2)(A)], and it is in the best interests of the minor child [46b-215a-3 (b)(6) (B)]
 ORDER
IT IS HEREBY ORDERED THAT:
1. The plaintiff's motion for child support post judgment is hereby granted. Commencing July 10, 2000, and weekly thereafter, the defendant shall pay to the plaintiff the sum of $145.00 as and for basic child support for the minor child. In the event that child is still in high school upon reaching her eighteenth birthday, then in that event, any child support order shall continue until the child reaches the age of nineteen years or the first day of the first month following her graduation from high school, whichever shall sooner occur pursuant to Section 46b-84 (b) C.G.S.
2. Commencing July 10, 2000, and weekly thereafter, the defendant shall pay to the plaintiff the sum of $29.00 as and for the accumulated arrearage until the same is paid in full.
3. As and for additional child support, the defendant shall pay one-half of the tuition of the minor child at parochial school commencing with the school year 2000-2001, and annually thereafter through and CT Page 8061 including her eighth grade class year, or until further order of Court.
4. All un-reimbursed medical, dental, optical, pharmaceutical, orthodontic, psychiatric, psychological, and counseling expenses for the minor child shall be paid 60% by the plaintiff and 40% by the defendant. In addition, the defendant shall be responsible for 40% of the after school/day care program expenses for the minor child.
5. The defendant's Motion for Modification of Custody and Visitation is hereby denied.
6. An immediate wage withholding order shall enter to secure the basic child support and arrearage orders of this Court pursuant-to Section 52-362 C.G.S.
 THE COURT Shay, J.